IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE HOUSEHOLD GOODS MOVERS ANTITRUST LITIGATION | ) ) ) ) | MDL DOCKET No. 1865 |
| DONALD J. BEACH, et al., Individually and on Behalf of All Others Similarly Situated, Plaintiffs, v. ATLAS VAN LINES, INC., et al., Defendants. | ) ) ) ) ) ) ) ) ) ) | No. 2:07-cv-764-DCN |
| GARY MOAD, et al., Individually and on Behalf of All Others Similarly Situated, Plaintiffs, v. ATLAS VAN LINES, INC., et al., Defendants. | ) ) ) ) ) ) ) ) ) ) | No. 2:07-cv-2861-DCN |
| ROBERT E. BOONE, JR., Individually and on Behalf of All Others Similarly Situated, Plaintiffs, v. ATLAS VAN LINES, INC., et al., Defendants. | ) ) ) ) ) ) ) ) ) ) | No. 2:08-cv-486-DCN **ORDER** |

This matter is before the court on defendants' motion for certification of an interlocutory appeal of the court's September 10, 2009 order granting plaintiffs' motion

1

for partial summary judgment and denying defendants' motion for partial summary judgment. Pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal may be pursued in the following circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). "Under [section] 1292(b), the district court's statement that an order is certified because it involves a controlling question of law should be contained in the order which is being appealed, either in the order itself or as an amendment to such order." Haas v. Pittsburgh Nat. Bank, 627 F.2d 677, 679 (3d Cir. 1980); see James v. Circuit City Stores, Inc., 370 F.3d 417, 419 (4th Cir. 2004) (noting that district court entered subsequent order amending original orders to certify issues for immediate appeal).

The court finds that certification is warranted for the following three issues:

(1) whether defendants' actions are protected by the immunities conferred to household goods carriers in 49 U.S.C. § 13703;

(2) whether plaintiffs' claims are barred by the filed rate doctrine; and

(3) whether this court, not the Surface Transportation Board, has jurisdiction over plaintiffs' claims.

These issues involve controlling questions of law as to which there are substantial

grounds for difference of opinion, and immediate appeal from the September 10, 2009 order may materially advance the ultimate termination of this litigation. It is therefore ordered that the court's September 10, 2009 order is hereby amended to certify the above-referenced issues for immediate appeal.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**November 20, 2009**
**Charleston, South Carolina**