**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE HOUSEHOLD GOODS MOVERS <u>ANTITRUST LITIGATION</u> | MDL DOCKET No. 1865 |
| DONALD J. BEACH, et al., Individually and on Behalf of All Others Similarly Situated, | No. 2:07-cv-764-DCN |
| Plaintiffs, | |
| v. | |
| ATLAS VAN LINES, INC., et al., | |
| <u>Defendants.</u> | |
| GARY MOAD, et al., Individually and on Behalf of All Others Similarly Situated, | No. 2:07-cv-2861-DCN |
| Plaintiffs, | |
| v. | |
| ATLAS VAN LINES, INC., et al., | |
| <u>Defendants.</u> | |
| ROBERT E. BOONE, JR., Individually and on Behalf of All Others Similarly Situated, | No. 2:08-cv-486-DCN |
| Plaintiffs, | |
| v. | |
| ATLAS VAN LINES, INC., et al., | |
| <u>Defendants.</u> | |

# ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On October 25, 2010, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement with Defendants American Moving & Storage Association, Inc., Atlas Van Lines, Inc., Mayflower Transit, LLC, United Van Lines, LLC, and Wheaton Van Lines, Inc. Plaintiffs included in this motion a request for approval of the plan of distribution applicable to the previously-approved settlement in the action captioned *In re DJK Residential, LLC, et al.* ("Sirva Plan of Distribution"). The Court, having reviewed the Motion for Preliminary Approval, the Settlement Agreement, the pleadings and other papers on file in this action, and statements of counsel, hereby finds that the Motion should be GRANTED.

NOW, THEREFORE IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the parties' Settlement Agreement.

2. The Court hereby gives its preliminary approval to the proposed Settlement and final approval of the Sirva Plan of Distribution and will schedule a hearing on the final approval of the proposed Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following class for settlement purposes only:

> All individuals or entities who purchased Household Goods Moving Services for interstate shipment(s) from March 19, 2003 through December 31, 2007 under Tariff 400N or contracts referencing or incorporating Item 16 of Tariff 400N, and who paid a fuel surcharge directly to any Household Goods Motor Carrier for such shipment. Excluded from the class are (i) the Released Parties; (ii) employees, officers, directors, agents and legal representatives of the Released Parties; and (iii) governmental entities.

> The Released Parties are defined as: each of the Settling Defendants; the present and former stockholders, officers, directors, employees, or agents of any Settling Defendant; all Household Goods Motor Carriers providing transportation for Household Goods Moving Services under Tariff 400N or contracts referencing or incorporating Tariff 400N; legal representatives and present and former direct and indirect parents, subsidiaries, divisions, affiliates or associates of any of the above entities; and the

predecessors, heirs, executors, administrators, successors and assigns of any of the above persons or entities.

4. The Court further provisionally finds that, for settlement purposes only, the prerequisites to a class action under Rule 23 are satisfied in that:

a. there are many thousands of geographically dispersed class members, making joinder of all members impracticable;

b. there are questions of law and fact common to the class;

c. the claims or defenses of the proposed class representatives are typical of the claims or defenses of the class;

d. the proposed class representatives will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class;

e. questions of law or fact common to class members predominate over any questions affecting only individual members; and

f. a class action is superior to individual actions or other available methods for fairly and efficiently adjudicating the controversy.

5. The Court preliminarily finds that the proposed Settlement falls within the range of possible final approval and is fair, adequate and reasonable for the Settlement Class. The Court further finds that there is a sufficient basis for notifying the members of the Settlement Class of the proposed Settlement and the Sirva Plan of Distribution and to schedule a final Settlement Hearing.

6. The Court provisionally appoints Donald J. Beach, Scott Hansen, Jeffrey L. Stoloff, Burnetta Nimons, Thomas Scholtens, Natalie Trueworthy, Gary Moad, Laurel Moad, and Robert E. Boone, Jr., as representatives of the Settlement Class.

7. The Court appoints Howard L. Siegel, A. Hoyt Rowell, III, T. Christopher Tuck and Robert S. Wood of Richardson, Patrick Westbrook & Brickman, L.L.C., in addition to Mark

C. Tanenbaum of Mark C. Tanenbaum, P.A., to serve as Plaintiffs' Co-Lead Counsel for the Settlement Class.

8. The Court approves the appointment of Rust Consulting to serve as the Settlement Administrator. The Court further approves: (i) disbursements from the Settlement Fund for Taxes and reasonable Tax Expenses as they become due; (ii) disbursements from the Settlement Fund for Settlement Administrator expenses and fees as they are incurred, up to the Claims Administration Cap; and (iii) disbursements from the Sirva Fund for Settlement Administrator expenses and fees as they are incurred over and above the Claims Administration Cap, up to a maximum of $200,000.

9. Pursuant to 28 U.S.C. § 1715(d), Settling Defendants will notify the Court upon expiration of ninety (90) days after the later of the dates on which the appropriate federal and state officials are served with notice of the Settlement required under 28 U.S.C. § 1715(b).

10. The Court approves the Notice Plan, attached as Exhibit C to the Settlement Agreement.

11. The Court approves the "Notice of Class Action Settlement," attached as Exhibit E to the Settlement Agreement (the "Notice of Settlement") as the means to provide direct mail notice to members of the Settlement Class, and to those who received direct mail notice of the settlement in *In re DJK Residential, LLC*.

12. Pursuant to the Notice Plan, within the later of thirty (30) days of the date of this Order or December 20, 2010, the Parties will direct the Settlement Administrator to send a copy of the Notice of Settlement by first class mail to each member of the Settlement Class for which a name and last known mailing address can be reasonably identified by examination of Settling Defendants' business records and to those who received direct mail notice of the settlement in *In re DJK Residential, LLC*.

13. In addition to mailing the Notice of Settlement, the Parties will direct the Settlement Administrator to perform the other steps of notice to the Settlement Class as detailed in the Notice Plan, including but not limited to the following:

    a. Commencing within three (3) business days after the initial mailing of the Notice of Settlement, the Settlement Administrator will cause the Publication Notice of Settlement of Class Action, attached as Exhibit D to the Settlement Agreement, to be published, one day per week for two consecutive weeks, in USA Today.

    b. By the date of the first mailing of the Notice of Settlement, the Settlement Administrator will have created the settlement website established for this case (www.HouseholdGoodsAntitrustSettlement.com), and until such time as all disbursements from the Settlement Fund required by the Settlement Agreement have been disbursed, the Settlement Administrator will maintain the website, which will permit potential Settlement Class members to view, download and print a copy of the Notice of Settlement, the Settlement Agreement, answers to frequently asked questions regarding the Settlement, attached to the Notice Plan to the Settlement Agreement, the papers submitted to the Court by Plaintiffs in support of preliminary approval of the Settlement, the operative Class Action Complaints in the Class Actions, the Application submitted by Plaintiffs' Co-Lead Counsel once it becomes available, the Proof of Claim, the form to request exclusion from the class, and any other information directed by the Court.

14. Having considered the manner of giving notice to Settlement Class members as described in the Notice Plan, the Court finds that the notice given in the form and manner

provided as set forth in paragraphs 10 through 13 of this Order and in the Notice Plan: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class members of the proposed Settlement and of their right to object or to exclude themselves as provided in the Settlement Agreement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of due process and any other applicable requirements.

15. By the date of the first mailing of the Notice of Settlement, the Settlement Administrator will establish a toll-free number, included on the Notice of Settlement and the Publication Notice, whereby potential Settlement Class members can obtain information regarding the proposed Settlement, including instructions on opting out of the Settlement Class or objecting to the proposed Settlement. The toll-free number may be answered by Interactive Voice Response, at the discretion of the Settlement Administrator.

16. As provided in the Notice of Settlement, each member of the Settlement Class will have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Administrator no later than forty-five (45) days after the first notice mailing date. Requests for exclusion must (a) set forth the name of the individual or entity, address, and phone number, and the name and cause number of the action (*In re Household Good Movers Antitrust Litigation*, MDL Docket No. 1865); (b) be signed by the individual, or an authorized representative of the entity; (c) clearly manifest an intent to be excluded from the Settlement Class; (d) be postmarked no later than forty-five (45) days after the date of mailing the notice; and (e) be substantially in the form of Exhibit F to the Settlement Agreement. No later than thirty (30) days prior to the Settlement Hearing, Plaintiffs' Co-Lead Counsel will file with the Court a report of all persons or entities who have timely and validly requested exclusion from the Settlement Class.

17. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class as provided above will, upon final approval of the proposed Settlement, be bound by the terms and provisions of the proposed Settlement so approved, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

18. As provided in the Notice of Settlement, each member of the Settlement Class who has not timely excluded himself, herself, or itself will have the right to object to the proposed Settlement by filing written objections with the Court no later than thirty (30) days after mailing of the Notice of Settlement, copies of which will be served on Class Counsel. Failure to timely file and serve written objections will preclude a Settlement Class member from objecting to the proposed Settlement.

19. With respect to receiving and processing requests for exclusion and objections, and handling other aspects of notice administration, the Settlement Administrator will act in accordance with the terms of the Notice Plan.

20. Each Settling Plaintiff will have the right to appear at the Settlement Hearing by filing a Notice of Intention to Appear no later than forty-five (45) days after mailing of the Notice of Settlement, copies of which will be served on Class Counsel.

21. Each Settling Plaintiff must submit his, her, or its completed and signed Proof of Claim to the Settlement Administrator within forty-five (45) days after the date of the first mailing of the Notice of Settlement by the Settlement Administrator.

22. The Court will conduct the Settlement Hearing on March 1, 2011. The Settlement Hearing will be conducted to determine the following:

a. Whether the proposed Settlement is fair, reasonable, and adequate and should be granted final approval;

b. Whether final judgment should be entered dismissing all claims in this case against Settling Defendants with prejudice as required by the Settlement Agreement;

c. Whether the Plan of Distribution should be approved;

d. Whether attorneys' fees, expenses, and costs should be awarded and, if so, the amount to be awarded;

e. Whether incentive awards should be awarded to the proposed class representatives and, if so, the amount to be awarded;

f. Whether a class should be certified for settlement purposes only; and

g. Such other matters as the Court may deem appropriate.

23. All briefs, memoranda and papers in support of final approval of the proposed Settlement and the motion for attorneys' fees, expenses, and costs will be filed no later than thirty-five (35) days before the Settlement Hearing. Any opposition to the motion for attorneys' fees, expenses, and costs will be filed no later than fourteen (14) days before the Settlement Hearing.

24. The Court has and retains exclusive jurisdiction over this action to consider all further matters arising out of or connected to the proposed Settlement.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**November 23, 2010
Charleston, South Carolina**