**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE HOUSEHOLD GOODS MOVERS ) | |
| ANTITRUST LITIGATION ) | MDL DOCKET No. 1865 |
| | |
| DONALD J. BEACH, et al., Individually and ) | |
| on Behalf of All Others Similarly Situated, ) | No. 2:07-cv-764-DCN |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ATLAS VAN LINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| | |
| GARY MOAD, et al., Individually and on ) | |
| Behalf of All Others Similarly Situated, ) | No. 2:07-cv-2861-DCN |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ATLAS VAN LINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| | |
| ROBERT E. BOONE, JR., Individually and on ) | |
| Behalf of All Others Similarly Situated, ) | No. 2:08-cv-486-DCN |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ATLAS VAN LINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND FINAL JUDGMENT**

On March 1, 2011, this Court held a hearing on (i) whether the terms and conditions of

the Settlement Agreement entered into as of October 21, 2010, between Plaintiffs and

Defendants American Moving & Storage Association, Inc., Atlas Van Lines, Inc., Mayflower

Transit, LLC, United Van Lines, LLC, and Wheaton Van Lines, Inc. ("Settling Defendants"), are fair, reasonable and adequate for the settlement of all claims released by Plaintiffs against Settling Defendants in the above-captioned actions (the "Actions" or "Class Actions"); (ii) whether judgment should be entered dismissing Settling Defendants from the Actions with prejudice; (iii) whether to approve the Plan of Distribution of settlement funds as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and (iv) whether and in what amount to award incentive payments to some or all of the putative settlement class representatives.

The Court, having considered all matters submitted to it at the hearing and otherwise; and having provisionally certified the Settlement Class pursuant to Federal Rule of Civil Procedure 23, composed of all individuals or entities who purchased Household Goods Moving Services for interstate shipment(s) from March 19, 2003, through December 31, 2007, under Tariff 400N or contracts referencing or incorporating Item 16 of Tariff 400N, and who paid a fuel surcharge directly to any Household Goods Motor Carrier for such shipment, excluding the Settling Defendants; present and former stockholders, officers, directors, employees, or agents of any Settling Defendant; all Household Goods Motor Carriers providing transportation for Household Goods Moving Services under Tariff 400N or contracts referencing or incorporating Tariff 400N; legal representatives and present and former direct and indirect parents, subsidiaries, divisions, affiliates or associates of any of the above entities; predecessors, heirs, executors, administrators, successors and assigns of any of the above persons or entities; and governmental entities, HEREBY FINDS, with all terms used herein having the meanings as set forth and defined in the Settlement Agreement, that:

a.    The Court has personal jurisdiction over the Settling Parties, and has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto;

b.    The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlement;

c.    The Court has been advised of all objections, if any, to the Settlement and has given consideration thereto;

d.    The Settlement is the result of arm's length negotiations, taken in good faith, between counsel for Settling Plaintiffs and Settling Defendants; and

e.    The Settlement, including the terms of the Settlement Agreement and all exhibits thereto, is in all respects fair, reasonable and adequate -- in light of the risks of the litigation with respect to issues including immunity, liability, class certification and damages and also the benefits to the Settlement Class from receiving compensation without the delays of further litigation -- and in the best interests of the Settlement Class.

**ACCORDINGLY**, the Settlement is hereby fully and finally **APPROVED** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.  In accordance with the Settlement Agreement, the terms of which are hereby incorporated by reference, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Settlement Agreement and the settlement terms contained therein are finally approved by the Court as fair, reasonable and adequate and in the best interest of the Settlement Class and made in good faith within the meaning of California Code of Civil Procedure section 877.6 or comparable statute or common law of other jurisdictions.

2. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure, including, but not limited to, the forms of notice and methods of identifying and notifying members of the Settlement Class, has been given in an adequate and sufficient manner, constituting the best notice practicable, satisfying and complying in all respects with such Rule, due process, and any other applicable law.

3. The Settling Defendants have complied with the requirements of 28 U.S.C. § 1715.

4. The Plan of Distribution is a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class, and all disbursements from the Settlement Fund will be in accordance with the Plan of Distribution.

5.  The DJK Plan of Distribution is a fair and reasonable method to allocate the settlement proceeds among the members of the settlement class in *In re DJK Residential, LLC et al*.

6.  The Settling Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions, including, but not limited to, those items specifically identified below.

7.  The provisional certification of the Settlement Class pursuant to the Court's oral order of October 29, 2010 and written order or November 23, 2010 is hereby confirmed, including the approval of class representatives and Class Counsel, and this Court finds that all of the prerequisites for a settlement class under Federal Rule of Civil Procedure 23 are satisfied.

8.  The persons identified on Exhibit #1 of this Order and Final Judgment have timely and validly requested exclusion from the Settlement Class, and are excluded from the Settlement Class.  Such persons are not included in, or bound by, this Order and Final Judgment, nor are they entitled to any recovery provided for by the Settlement Agreement.

9.  Settling Defendants are dismissed with prejudice from the Class Actions and, except as provided for herein, without cost.

10. Settling Defendants are directed to make available for payment into the Escrow Account, in settlement of the claims released by the Settlement Agreement, up to a maximum of $40,000,000, according to the terms, and at the times, set forth in paragraph 7 of the Settlement Agreement.

11. Settling Defendants are directed to comply with all of their other obligations under the Settlement Agreement.

12. Settling Plaintiffs are directed to comply with all of their obligations under the Settlement Agreement.

13. Settling Defendants; present and former stockholders, officers, directors, employees, or agents of any Settling Defendant; all Household Goods Motor Carriers providing transportation for Household Goods Moving Services under Tariff 400N or contracts referencing or incorporating Tariff 400N; legal representatives and present and former direct

and indirect parents, subsidiaries, divisions, affiliates or associates of any of the above entities; predecessors, heirs, executors, administrators, successors and assigns of any of the above persons or entities (the "Released Parties") are released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual, direct, indirect or otherwise in nature, damages whenever and however incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or unasserted, derivative or direct, whether in law, equity or otherwise, that any Releasing Party or Releasing Parties, whether directly, representatively, derivatively or in any other capacity, ever had, now have or hereafter can, will or may have, claim or assert, relating in any way to any conduct prior to the date of the Settlement Agreement concerning any fuel surcharges paid by the Releasing Parties, in connection with their Household Goods Moving Services or relating to any conduct alleged in the Class Actions including, without limitation, any such claims which have been asserted or could have been asserted in the Class Actions against the Released Parties or any one of them (the "Released Claims").  Each Settling Plaintiff will not, hereafter, seek to establish liability against any of the Released Parties or seek to recover payments from any of the Released Parties, other than those expressly permitted by the Settlement Agreement, based, in whole or in part, upon any of the Released Claims.

14. Each Settling Plaintiff has knowingly and validly waived and released with respect to the Released Claims any and all provisions, rights and benefits conferred by either (a) § 1542 of the California Civil Code, or (b) any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Each Settling Plaintiff may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff is hereby deemed to have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, accrued or unaccrued claim, loss or

damage with respect to the Released Claims whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15. The Escrow Account is a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. §1.468B-1, and to that end the Parties are directed to cooperate with each other and not to take a position in any filing or before any tax authority that is inconsistent with such treatment.  At the request of Settling Defendants, a "relation back election" as described in Treas. Reg. §1.468B-1(j) will be made to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible, and the Settlement Administrator will take all actions as may be necessary or appropriate to this end. The Settlement Administrator is directed to pay Taxes or estimated Taxes on any income earned on the funds in the Escrow Account and all related costs and expenses from the Escrow Account, in accordance with the Settlement Agreement.  In the event federal or state income tax liability is finally assessed against and paid by any Settling Defendant as a result of any income earned on the funds in the Escrow Account, such Settling Defendant will be entitled to reimbursement of such payment from the funds in the Escrow Account, in accordance with the Settlement Agreement.

16. Nothing in this Order and Final Judgment or the Settlement Agreement (or its exhibits) is or will be deemed or construed to be an admission, concession or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or of the truth or validity or lack of truth or lack of validity of any of the claims or allegations alleged in the Class Actions or actions consolidated therein, and evidence thereof will not be discoverable or used, directly or indirectly, in any way, whether in the Class Actions or in any other action or proceeding.

17. The following class representatives will each receive an award of $1,000 as compensation for their time and effort in this case: Donald J. Beach, Scott Hansen, Jeffrey L. Stoloff, Burnetta Nimons, Thomas Scholtens, Natalie Trueworthy, Gary and Laurel Moad (treating Gary and Laurel Moad, collectively, as a single Plaintiff), and Robert E. Boone. Without affecting the

finality of this judgment, the Court retains jurisdiction of this Settlement and the Settlement Agreement, including the administration and consummation of the Settlement and in order to determine issues relating to any actual or requested distribution to Authorized Claimants, attorneys' fees and expenses, and incentive awards to the class representatives.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction, and each Settling Defendant and each Settling Plaintiff is hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Order and Final Judgment, the Settlement Agreement or the applicability, interpretation, or enforcement of the Settlement Agreement and exhibits thereto.  Without limiting the generality of the foregoing, any dispute concerning the provisions of the Settlement Agreement, including but not limited to any suit, action or proceeding by a Settling Plaintiff in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, will constitute a suit, action or proceeding arising out of or relating to this Order and Final Judgment.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Settling Parties are hereby deemed to have irrevocably waived any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

18. In the event that the provisions of this Settlement Agreement are asserted by any of Settling Defendants as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any other suit, action or proceeding by a Settling Plaintiff, Settling Defendants will be entitled to a stay of that suit, action or proceeding until this Court has entered an order or judgment determining any issues relating to the defense or objection based on such provisions. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the Settling Parties are hereby deemed to have irrevocably waived any claim or objection that they are not subject to the

jurisdiction of such court, or that such court is, in any way, an improper venue or an inconvenient forum.

19. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Order and Final Judgment, and directs the Clerk to immediately enter this Order and Final Judgment.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**March 3, 2011**
**Charleston, South Carolina**