IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE HOUSEHOLD GOODS MOVERS ANTITRUST LITIGATION | ) ) ) | MDL DOCKET NO.: 1865 |
| DONALD J. BEACH, et al., Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ATLAS VAN LINES, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:07-cv-764-DCN |
| GARY MOAD, et al., Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ATLAS VAN LINES, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:07-cv-2861-DCN |
| ROBERT E. BOONE, JR., Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vi. <br><br> ATLAS VAN LINES, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:08-cv-486-DCN |

**ORDER GRANTING PLAINTIFFS' MOTION FOR
AWARD OF ATTORNEYS' FEES AND EXPENSES**

1

On January 25, 2011, Plaintiffs filed a Motion for Award of Attorney Fees and Expenses.  The Court, having reviewed the Motion, the supporting Memorandum, and statements of counsel, hereby finds that the Motion should be **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Court finds that, for the purposes of this Motion, the total fund is set at $43,650,000.  This amount includes the $40 million recovered for the primary fund, $3 million in cash from the SIRVA fund, and the liquidated value of the SIRVA Note by a sale of that Note back to the issuer ($650,000).

2. Class Counsel have provided the Court with time and expense summaries for the following law firms and associated counsel from this multidistrict litigation or the SIRVA litigation from the U.S. Bankruptcy Court for the Southern District of New York:  Richardson, Patrick, Westbrook & Brickman, L.L.C.; Mark C. Tanenbaum, P.A.; Whatley, Drake & Kallas, L.L.C.; Hughes & Hubbard (billing attorneys formerly associated at Luskin firm); Watson Jimmerson; Foote Meyers; Law Offices of William A. Hazeltine; Elzufon, Austin, Reardon, Tarlov & Mondell; George W. Kuney; and John E. Lopatka.

3. Through the end of calendar year 2010, Class Counsel reported that $285,839.20 had been spent in out-of-pocket expenses on behalf of the Class, and a total lodestar of $6,143,629.50 had been incurred in that same period.

4. The Court finds that the 25% fee requested by Class Counsel is reasonable here.  The Court further finds that a percentage of the fund recovery is the preferred approach for calculation of the fee award.

5. The Court has conducted a lodestar cross-check and has compared the request against the Barber factors, Barber v. Furniture Distributors, Inc., 577 F.2d 216 (4th Cir. 1978). The Court concludes that Class Counsel's request is reasonable under consideration of such criteria.

6. The Court finds that even if the Court were to apply a pure lodestar approach on an award of attorneys' fees, Class Counsel's request remains appropriate because a reasonable multiplier enhancement would be warranted for the efforts and results in this litigation.

7. The 25% fee awarded to Class Counsel shall include reimbursement to Class Counsel for all expenses related to this litigation, and the fee payment shall be allocated so that no more than 25% of the Primary Fund and 25% of the SIRVA Fund is deducted for such payment.

8. Class Counsel is not permitted to apply for any additional fees or expenses for their remaining efforts on administration of the settlement.

9. The Court directs Defendants to transmit payment to Plaintiffs via the law firm of Richardson, Patrick, Westbrook & Brickman, L.L.C.

10. This Court has and retains exclusive jurisdiction of this action to consider all further matters arising out of or connected to the settlement and the award of attorneys' fees and expenses.

**AND IT IS SO ORDERED.**

 

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**March 3, 2011**
**Charleston, South Carolina**